SEYFARTH SHAW LLP
Andrew M. Paley (SBN 149699)
apaley@seyfarth.com
Ashley D. Stein (SBN 305094)
astein@seyfarth.com
Katherine Farr (SBN 355518)
kfarr@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone: (310) 277-7200
Facsimile: (310) 201-5219

Attorneys for Defendants
DEPLOYED SERVICES, LLC and
DEPLOYED RESOURCES, LLC

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN DIEGO

MICHAEL RODRIGUEZ, individually, and on behalf of other members of the general public similarly situated,

Plaintiff,

v.

DEPLOYED SERVICES, LLC, a Nevada limited liability company; DEPLOYED RESOURCES, LLC, a New York limited liability company; and DOES 1 through 10, inclusive,

Defendants.

Case No. 25CU033792C

**DEFENDANTS DEPLOYED SERVICES, LLC'S AND DEPLOYED RESOURCES, LLC'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT**

Complaint Filed: June 26, 2025
Trial Date: None Set

Defendants DEPLOYED SERVICES, LLC and DEPLOYED SERVICES, LLC and DEPLOYED RESOURCES, LLC ("Defendants") hereby answer the unverified Class Action Complaint of Plaintiff MICHAEL RODRIGUEZ ("Plaintiff") as follows:

**GENERAL DENIAL**

Pursuant to California Code of Civil Procedure sections 430.10(d) and (e), Defendants deny, generally and specifically, each and every allegation, and each purported cause of action contained in Plaintiff's Complaint. Defendants further deny, generally and specifically, that Plaintiff or any individuals he seeks to represent have suffered any injury, damage, or loss in any nature or manner whatsoever by reason of any act or omission of Defendants, or any of their past or present agents, representatives, and/or employees. Defendants further deny that Plaintiff is entitled to the relief sought in the Complaint or to any relief whatsoever.

**SEPARATE AFFIRMATIVE AND OTHER DEFENSES**

Defendants have not completed their investigation of the facts of this case, have not completed discovery in this matter, and have not completed their preparation for trial. The additional defenses asserted herein are based on Defendants' knowledge, information, and belief at this time, and Defendants specifically reserve the right to modify, amend, or supplement any additional defense contained herein at any time. Without assuming that they bear the burden of proof or persuasion as to any defense, issue, fact, or element of a claim, Defendants allege the following additional affirmative and other defenses to the Complaint.

**FIRST DEFENSE**

**(Arbitration)**

1. Plaintiff's Complaint, and each purported cause of action alleged therein, is barred to the extent Plaintiff and/or the potential class members signed an arbitration agreement with a class action waiver that covers the claims alleged in this action. Plaintiff purports to represent "[a]ll persons who worked for Defendants as non-exempt, hourly paid employees in California, at any time from March 16, 2024, until the date of trial" without regard to the fact that the significant majority of those employees (including Plaintiff) signed arbitration agreements containing a valid class action waiver.

**<u>SECOND DEFENSE</u>**

**(Failure to State a Cause of Action)**

2. Plaintiff's Complaint, and each purported cause of action therein, fail to state facts sufficient to constitute a cause of action or claim for relief.

**<u>THIRD DEFENSE</u>**

**(Statute of Limitations)**

3. Plaintiff's purported causes of action are barred, in whole or in part, by the applicable statutes of limitations, including but not limited to California Code of Civil Procedure sections 338 and 340, as well as California Business & Professions Code section 17208.

**<u>FOURTH DEFENSE</u>**

**(*Res Judicata*/Collateral Estoppel/Claim Splitting/Preclusion)**

4. Plaintiff's Complaint, and each purported cause of action alleged therein, is barred by the doctrines of *res judicata*, collateral estoppel, claim splitting and/or preclusion, to the extent that Plaintiff and/or any other putative class member has previously asserted any similar claims to those alleged in the Complaint. Plaintiff's claims are further barred to the extent that the relief sought herein on any claim or issue was decided against Plaintiff or any putative class member with similar interest in litigating the matter in a prior judicial or agency action.

**<u>FIFTH DEFENSE</u>**

**(Lack of Standing)**

5. Plaintiff's Complaint, and each purported cause of action alleged therein, is barred for lack of subject matter jurisdiction to the extent Plaintiff lacks standing to bring Plaintiff's claims in either an individual or representative capacity.

**<u>SIXTH DEFENSE</u>**

**(Release)**

6. Plaintiff's Complaint, and each purported cause of action alleged therein, is barred to the extent that Plaintiff and/or members of the putative class entered into or are otherwise bound by compromise, settlement, or release agreements regarding those claims.

**SEVENTH DEFENSE**

**(Laches)**

7. Plaintiff's Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, by the doctrine of laches because Plaintiff delayed unreasonably in bringing his claims.

**EIGHTH DEFENSE**

**(Waiver)**

8. Plaintiff's Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, by the doctrine of waiver.

**NINTH DEFENSE**

**(Estoppel)**

9. Plaintiff's Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, by the equitable doctrine of estoppel due to Plaintiff's own acts and/or omissions or those of any putative class member.

**TENTH DEFENSE**

**(Unclean Hands)**

10. Plaintiff's Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, by the doctrine of unclean hands.

**ELEVENTH DEFENSE**

**(Ratification)**

11. Plaintiff's Complaint, and each cause of action alleged therein, is barred on the ground that Plaintiff ratified Defendants' alleged actions.

**TWELFTH DEFENSE**

**(Accord and Satisfaction)**

12. Plaintiff's Complaint, and each purported cause of action alleged therein, is barred by the doctrine of accord and satisfaction.

**THIRTEENTH DEFENSE**

**(Offset)**

13. To the extent a court holds that Plaintiff and/or any member of the putative class is

entitled to damages or penalties, which is specifically denied, Defendants are entitled to an offset for any overpayment of wages, forgiveness of debt, and/or other consideration previously provided to Plaintiff or any member of the putative class. To the extent a court holds that Plaintiff and/or any member of the putative class is entitled to damages or penalties, which is specifically denied, Defendants are further entitled under the equitable doctrine of setoff and recoupment to offset all overpayments and/or all obligations that Plaintiff or any member of the putative class owed to Defendants against any judgment that may be entered against Defendants.

**FOURTEENTH DEFENSE**

**(Good Faith)**

14. Plaintiff's Complaint, and each purported cause of action alleged therein, is barred on the ground that Plaintiff and members of the putative class cannot establish a willful, knowing, and intentional violation of any provision in the California Labor Code or applicable Wage Order because Defendants acted in good faith with reasonable grounds for believing that their actions were lawful.

**FIFTEENTH DEFENSE**

**(Failure to Avoid Consequences)**

15. Plaintiff's Complaint, and each purported cause of action alleged therein, is barred because Plaintiff and the putative class failed to avoid their damages or other alleged harm by failing to take any steps to report or avoid the Labor Code violations alleged in the Complaint.

**SIXTEENTH DEFENSE**

**(Labor Code Section 2856)**

16. Plaintiff's Complaint is barred, in whole or in part, by Labor Code section 2856 to the extent that Plaintiff, or putative class members he seeks to represent, failed to comply with all the directions of his employer, and such failure proximately caused the alleged losses for which Plaintiff seeks relief.

**SEVENTEENTH DEFENSE**

**(Non-Compensable Time)**

17. Plaintiff's Complaint, and each purported cause of action alleged therein, is barred to the extent that any allegedly unpaid work by Plaintiff and/or any member of the putative class would not be

compensable, including but not limited to under the *de minimis* rule.

**EIGHTEENTH DEFENSE**

**(Not Hours Worked)**

18. Plaintiff's Complaint, and each purported cause of action alleged therein, is barred to the extent that the hours Plaintiff alleges that he and putative class members worked are not "hours worked" within the meaning of applicable law, including but not limited to the California Labor Code.

**NINETEENTH DEFENSE**

**(No Knowledge)**

19. Plaintiff's Complaint, and each purported cause of action alleged therein, is barred to the extent that Defendants did not have actual or constructive knowledge of any purported unpaid overtime or off-the-clock work allegedly performed by Plaintiff or any member of the putative class.

**TWENTIETH DEFENSE**

**(Meal and Rest Periods Authorized and Permitted)**

20. At all times relevant to the Complaint, Plaintiff and members of the putative class were provided meal periods and authorized and permitted to take rest periods in compliance with California law. Their voluntary choice not to take meal or rest breaks or to deviate from Defendants' lawful policies does not create a violation of the California Labor Code or the Wage Orders.

**TWENTY-FIRST DEFENSE**

**(No Knowing and Intentional Injury)**

21. Plaintiff and/or members of the putative class have suffered no injury as a result of any alleged violation of the California Labor Code section 226 and therefore are barred from recovering penalties.

**TWENTY-SECOND DEFENSE**

**(Conduct Reasonable and in Good Faith/Not Willful)**

22. Defendants acted, at all relevant times, on the basis of a good faith and reasonable belief that they had complied fully with California wage and hour laws. Consequently, Defendants' conduct was not knowing, willful or intentional within the meaning of the California Labor Code, including, without limitation, sections 203, 226(a), and 1194.2, and no penalties or liquidated damages can be

awarded.

**TWENTY-THIRD DEFENSE**

**(Good Faith Dispute)**

23. Plaintiff's claims based on a violation of California Labor Code sections 201, 202, 203, and 226 are barred to the extent that Defendants and Plaintiff and/or members of the putative class had a good faith dispute as to whether any wages or premiums were due. To the extent that Plaintiff and/or members of the putative class are subsequently able to allege that their employment has been terminated, either by involuntary discharge or voluntary resignation, Defendants believe in good faith that all wages and premiums have been or will have been paid to Plaintiff and/or members of the putative class.

**TWENTY-FOURTH DEFENSE**

**(Unavailable Remedies Under the UCL)**

24. Plaintiff's UCL cause of action fails to the extent that it seeks anything but restitution for alleged violations of the Labor Code that form the basis of the claims under the UCL.

**TWENTY-FIFTH DEFENSE**

**(Adequate Legal Remedy)**

25. Plaintiff's UCL causes of action fail because Plaintiff and/or members of the putative class have an adequate remedy at law.

**TWENTY-SIXTH DEFENSE**

**(Failure to Inform Employer of Alleged Violations)**

26. Plaintiff's Complaint is barred to the extent Plaintiff and the putative class members did not request reimbursement for any additional business expenses and did not inform Defendants of any alleged unreimbursed expenses, failure to reimburse business expenses, or any alleged insufficiency of the reimbursement Defendants provided. Therefore, Plaintiff and the putative class members did not provide Defendants with an opportunity to correct any alleged violations and provide the appropriate remedy, if any, to Plaintiff and the putative class members prior to the time Plaintiff filed his claims.

**RESERVATION OF RIGHTS**

27. Defendants do not presently know all of the facts and circumstances respecting Plaintiff's claims. Defendants have not knowingly or intentionally waived any applicable defenses and reserve the

right to assert and rely on such other applicable defenses as may later become available or apparent. Defendants further reserves the right to amend their answer or defenses accordingly and/or to delete defenses that they determines are not applicable during the course of discovery.

**PRAYER**

WHEREFORE, Defendants pray for judgment as follows:

1. That the Complaint be dismissed in its entirety;
2. That Plaintiff take nothing from Defendants by reason of the Complaint;
3. That judgment be entered in favor of Defendants;
4. That Plaintiff and the individuals Plaintiff seeks to represent be denied each and every demand and prayer for relief in their action;
5. That Defendants recover their costs, disbursements, expenses and fees, including attorneys' fees, if permitted by law; and
6. That Defendants be awarded such other and further relief as this Court deems just and proper.

DATED: July 30, 2025

Respectfully submitted,

SEYFARTH SHAW LLP

By: ______________________

Andrew M. Paley
Ashley D. Stein
Katherine R. Farr
Attorneys for Defendants
DEPLOYED SERVICES, LLC and
DEPLOYED RESOURCES, LLC

**PROOF OF SERVICE**

STATE OF CALIFORNIA )
) SS
COUNTY OF SAN DIEGO )

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 2029 Century Park East, Suite 3500, Los Angeles, California 90067-3021. On July 30, 2025, I served the within document(s):

**DEFENDANTS DEPLOYED SERVICES, LLC'S AND DEPLOYED RESOURCES, LLC'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT**

☐ I sent such document from facsimile machines (310) 201-5219 on July 30, 2025. I certify that said transmission was completed and that all pages were received and that a report was generated by said facsimile machine which confirms said transmission and receipt. I, thereafter, mailed a copy to the interested party(ies) in this action by placing a true copy thereof enclosed in sealed envelope(s) addressed to the parties listed below.

☐ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California, addressed as set forth below.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by placing the document(s) listed above, together with an unsigned copy of this declaration, in a sealed envelope or package provided by an overnight delivery carrier with postage paid on account and deposited for collection with the overnight carrier at Los Angeles, California, addressed as set forth below.

☒ by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

☐ electronically by using the Court's ECF/CM System.

| | |
|---|---|
| Capstone Law, APC<br>Roxanna Tabatabaeepour<br>Ryan Tish<br>1875 Century Park East, Suite 1000<br>Los Angeles, CA 90067 | Attorneys for Plaintiff Michael Rodriguez<br>Tel: (310)556-4811<br>Fax: (310)943-0396<br>Email: Roxanna.Taba@capstonelawyers.com<br>Ryan.tish@capstonelawyers.com |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true

and correct.

Executed on July 30, 2025, at Los Angeles, California.

Joanie Morris